Appellant Tanya Garner appeals the decision of the Court of Common Pleas, Stark County, Juvenile Division, granting permanent custody of her four children to Appellee Stark County Department of Human Services ("SCDHS"), now known as the Stark County Department of Job and Family Services. The relevant facts leading to this appeal are as follows. On July 5, 1995, appellant's four children, Marquis, Michael, Marcel, and Mark, were found to be dependent, and the trial court granted temporary custody to SCDHS. On November 20, 1996, the court granted long term foster care. On February 20, 2000, SCDHS moved for permanent custody. The matter proceeded to trial on April 14, 2000. On May 8, 2000, the trial court rendered a judgment entry finding that none of the four children could be placed with either parent at the time or within a reasonable period of time, and granted permanent custody to SCDHS. Appellant filed a notice of appeal on June 6, 2000. The Stark County Clerk of Courts issued a notice of the filing of the record on June 28, 2000. On July 17, 2000, appellant filed a motion for an extension of time in which to file her brief. We denied any extension via our judgment entry of July 20, 2000. Appellant nonetheless filed her brief on July 31, 2000, but we dismissed the appeal on September 25, 2000, citing App.R. 18(C). We thereafter granted appellant's motion to reconsider the dismissal, and reinstated her appeal. Appellant presently raises the following two Assignments of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FAILED TO RECOGNIZE THAT THE CHILDREN COULD BE RETURNED TO APPELLANT WITHIN A REASONABLE TIME.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FOUND THAT IT WOULD BE IN THE CHILDREN'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF THE DEPARTMENT OF HUMAN SERVICES.
Appellant's Assignments of Error both essentially question whether the trial court's decision is supported by the manifest weight of the evidence. Appellant maintains, in her First Assignment of Error, that the conclusion that the four children could not be placed with her within a reasonable amount of time is unsupported by the evidence. In her Second Assignment of Error, appellant argues that the evidence does not support a finding that it would be in the children's best interest to be placed in the permanent custody of SCDHS. We disagree with these assertions. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281. It is based upon these standards that we review appellant's two Assignments of Error.
 I.
In addressing appellant's First Assignment of Error, we turn to the relevant statutory language of R.C. 2151.414(E): * * * If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *.
* * *
We find the evidence introduced at the hearing supports the trial court's conclusions under R.C. 2151.414(E). The case plan filed with the trial court ultimately addressed the following chief issues: substance abuse treatment, including attendance and follow-up on the Quest program for drug problems, redress of domestic violence and/or anger management, employment, adequate housing, and the children's behavioral problems. Of greatest concern to the trial court was appellant's consistent inability to procure proper housing suitable for herself and these children. During the pendency of the case, appellant lived in no less than seven places and underwent two evictions. Appellant argued that her current residence arrangement, subsidized through Stark Metropolitan Housing, could allow for more space upon the children's return. However, this fact was never firmly established and the trial court did not allow appellant's counsel to rely on it during closing arguments. T. at 72. The court's detailed ruling also recognized appellant's failure to obtain a GED as per the case plan requirements. Additionally, appellant's pursuit of treatment at Quest was only partially successful: while she did finish the basic program after three starts, her diagnosis as cocaine and alcohol dependent necessitated further random weekly urine tests ("drops"), which she abruptly ceased in early January 2000. Appellant seeks to blame this on the social worker, asserting that "[i]f the case plan requires the worker to contact the parent for random urine drops, and the worker fails to do so, the Department cannot maintain that the parent has failed to following (sic) this requirement." Appellant's Brief at 5. We find no merit in this argument. The evidence reveals that the social worker tried to accommodate appellant's potential employment schedules and lack of a telephone by arranging a schedule of two urine drops per week at the appellant's own convenience. Despite this attempted accommodation, appellant proceeded to ignore this facet of the redress of her drug problem, offering no explanation for her decision at trial. Although the Goodwill parenting classes and other case plan components fared somewhat better, we are compelled to note that SCDHS was not necessarily required to prove at trial that appellant completely failed in achieving the goals of the case plan. This court has upheld permanent custody findings despite evidence in the record that a parent made partial progress on his or her case plan. See, e.g., In re Bunting Children (Oct. 13, 1998), Stark App. No. 97CA0381, unreported. We therefore find that the record presents sufficient competent, credible evidence supporting the holding that, despite the Agency's reasonable case planning and diligent efforts, appellant had refused or failed to remedy the concerns that initially caused the children to be placed outside her home, and that the children cannot and/or should not be placed with appellant now or in the foreseeable future. Appellant's First Assignment of Error is overruled.
 II.
Appellant next challenges the trial court's finding that the grant of permanent custody served the best interests of Marquis, Michael, Marcel, and Mark. The relevant statutory section of R.C. 2151.414 mandates as follows: (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
* * *
The trial court's written findings of fact and conclusions of law clearly reveal that the statutory "best interest" factors were duly considered upon presentation of the evidence. These children, as revealed by the record and the testimony of counselors Sylvester Huston and Victoria Boatright, already face various behavioral problems which must be addressed in a more stable environment than appellant can foreseeably provide. Appellant's problems persist despite the unusual length of time provided to her in this matter. See R.C. 2151.414(D)(3), supra. Furthermore, the guardian ad litem's report, based on a commendably persistent involvement with this family's situation, further discouraged a granting of custody back to appellant. We must conduct our review mindful that "the discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Awkal (1994), 95 Ohio App.3d 309, 316. We therefore conclude that the trial court's determination regarding best interests was supported by competent, credible testimony, and find that the judgment was not against the manifest weight of the evidence. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Hoffman, J., concur.